John Shandley
2712 Ave H
San Leon, TX 77539
409-729-5195
Defendant in Pro Se

United States Courts
Southern District of Texas
FILED

MAR 06 2020

David J. Bradley, Clerk of Court

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| LINDA SOLOOK | ) Case No.: |
| Plaintiff, | ) NOTICE OF REMOVAL<br>) [28 U.S.C. 1441, 14446 (6)] |
| vs. | ) |
| JOHN SHANDLEY | ) FROM THE COUNTY COURT OF<br>) GALVESTON COUNTY<br>) Case No.:20-EVO1-0167 |
| Defendant. | ) |

Defendant alleges:

**PARTIES AND COUNSEL**

1. Defendant, JOHN SHANDLEY, and Plaintiff, LINDA SOLOOK Properties are those parties in a Texas County Court filed in the Galveston County Court of Galveston County, concerning real property located at 2712 Ave H, San Leon, TX 77539, [hereinafter referred to as "premises"], within this court's jurisdiction.

2. Defendant, John Shandley are the tenants of the premises, and participants in this litigation.

3. Wherefore, Defendant is a bona fide tenant.

4. Plaintiff is NOT represented by counsel in the County Court action.

///

///

## FEDERAL QUESTION

5. Plaintiff has actually filed a Federal Question Action in County Court, for which the County Court Action is removed under 28 U.S.C. 1441 *et seq.* **Hunter v Philip Morris**, USA, 582 F. 3d 1039, 1042-43 (9th Cir. 2009); 28 U.S.C. 1331.

6. The Complaint in this action was filed in County Court as artful pleading, entitled by the County Court of Texas as " Citation - Eviction". Pleadings intentionally fails to allege compliance with the Civil Rights Act of 1968.

7. A well-placed Complaint is shown at least where the Plaintiff's right to relief necessarily depends on resolution of a substantial question of Federal Law. [**Armstrong v N. Mariana Islands,** 576 F. 3d 950, 954-55 (9th Cir. 2009); **Empire Healthcare Assurance v. McVeigh** 547 US 677, 687-690 (2006); **Franchise Tax Bd v. Const. Laborers Vacation Trust for S. Cal.** 463 US 1, 12, 27-28 (1983)].

8. Even where the cause of action is based on state law, the District Court has subject matter jurisdiction over the case if (1) the federal issues are essential to the claims, (2) there is a substantial federal issues in resolving such issues, and (3) a Federal forum may entertain the State Law claims without disturbing the balance of Federal and State judicial responsibilities. [**Grable & Sons Metal Prods v. Darue Engr & Mfg.** 545 US 308, 313, 315 (2005)]. Here, the rights of the Defendants are clearly at stake.

9. To be a Federal Cause of Action, there must also be a private right of action. [**Merrill Dow Pharms. Inc. v. Thompson** 478 US 804, 817 (1986)]. It can be either express or implicit. [**Diaz v. Davis** 549 Fed 3d 1223, 1229-1230 (9th Cir. 2008)]. The Court must look to the "rights creating" language and statutory structure within which it is contained. [**Lamie v. Unites States Trustee** 540 US 526, 534 (2004)]. The Court

must assume that Congress did not intend to create a right without a remedy. [First **Pacific Bancorp, Inc. v. Helfer**, 224 F. 3d 1117, 1123, 1125-26, (9th Cir. 2000)].

10. Defendant is a members of a protected class of whom the statue, the "Civil Rights Act of 1968" was created.

11. The Federal Cause of Action in eviction/ejectment is the basis for this action, irrespective of artful pleading, such that action could have been brought in Federal District Court.

## REMOVED ACTION

12. The Notice of Removal is timely under Section 1446 (b) of Title 28 of the United States Code because it is filed within 30 days of discovering that the case was ripe for removal.

13. A true and correct copy of the County Court Complaint of the action, Defendant's Pre-Judgment Claim of Right to Possession and related documents, sought to be removed to this Court are attached hereto and incorporated herein by reference.

14. Defendant is a bona fide residential tenant and entitled to the protection of the Federal Court, and entitled to remove this action to Federal Court.

15. Under Texas Code of Civil Procedure the County Court hereby loses jurisdiction under the Federal Rules of Civil Procedure and does not recover jurisdiction, if at all, until and unless this action is remanded to the County Court, after which jurisdiction will again attach as described in that statute.

Dated: March 6, 2020

John Shandley
2712 Ave H
San Leon, TX 77539
409-729-5195
Defendant in Pro Se