United States District Court
Southern District of Texas
**ENTERED**
July 16, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| LINDA SOLOOK, § | |
| § | |
| *Plaintiff,* § | |
| VS. § | CIVIL ACTION No. 3:20-cv-00209 |
| § | |
| JOHN SHANDLEY, § | |
| § | |
| § | |
| *Defendant.* § | |

## **ORDER**

On June 16, 2020, the court granted John Shandley's application to proceed *in forma pauperis*.[1] In its order, the court noted that Shandley's notice of removal was deficient and ordered him to file an amended notice of removal by June 30.[2] More than four weeks have passed, and Shandley has not filed an amended notice of removal or otherwise evidenced any intent to prosecute this removed action.

Federal courts are courts of limited jurisdiction and must presume that a suit lies outside this limited jurisdiction.[3] The removing party has the burden to present facts showing that federal subject-matter jurisdiction exists, and any doubts concerning the propriety of removal are construed against removal.[4] When the court cannot ascertain whether it has jurisdiction over a removed action, the

---

[1] *See* Dkt. 2 in Miscellaneous Action No. 3:20-mc-00008.

[2] *See id.* at 1–2.

[3] *Kokkohen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (Scalia, J.).

[4] *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).

proper procedure is to remand the action to the state court from which it was removed.[5]

Because Shandley's notice of removal does not include the plaintiff's state-court petition, the court has no way to determine whether it has subject-matter jurisdiction over the parties' dispute.[6] But based on Shandley's notice of removal—in which he seems to argue the court has federal-question jurisdiction—it appears the underlying dispute is nothing more than a standard forcible-detainer (*i.e.*, eviction) proceeding.[7] And it is well-settled that forcible-detainer actions are state-law actions that provide no basis for federal-question jurisdiction.[8]

Accordingly, the court **REMANDS** this case to Galveston County Justice Court, Precinct 1.[9] The district clerk shall mail a certified copy of this order to the clerk of the Galveston County Justice Court. *See* 28 U.S.C. § 1447(c).

SIGNED on Galveston Island on this, the 16th day of July, 2020.

                                                                                   _____
                                                                                   JEFFREY VINCENT BROWN
                                                                                   UNITED STATES DISTRICT JUDGE

---

[5]   *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[6]   *See Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 10 (1883) (holding a court looks only at the plaintiff's well-pleaded complaint to determine if a claim arises under federal law)

[7]   *See* Dkt. 1.

[8]   *See Stump v. Potts*, 322 F. App'x 379, 380 (5th Cir. 2009) (holding that a defendant cannot remove a simple forcible-detainer proceeding or suit to evict brought under the Texas Property Code by asserting a possible federal question in an answer or counterclaim).

[9]   *See, e.g., Five Ten Tex. III LLC v. Soto*, 3:14-CV-0355-N-BH, 2014 WL 1016116, at *3 (N.D. Tex. Mar. 14, 2014) (*sua sponte* remanding case after defendant failed to file an amended notice of removal after the court ordered her to do so); *Tex. v. Luis-Gonzalez*, 3:17-CV-2385-B-BH, 2017 WL 5152351, at *2 (N.D. Tex. Sept. 20, 2017) (same), *report and recommendation adopted*, 3:17-CV-2385-B-BH, 2017 WL 5135454 (N.D. Tex. Nov. 6, 2017).